**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
**Joseph Mannone,**

                              **Plaintiff,**                    **CV:17-5891**

**v.**

**Seterus, Inc.**


                              **Defendants.**
-----------------------------------------------------------X

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for declaratory, actual and statutory damages brought by Plaintiff, **Joseph Mannone**, an individual consumer,(hereinafter the "Plaintiff") against Seterus, Inc. (hereinafter the "Seterus") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and for attorneys' fees, litigation expenses and costs pursuant to 28 U.S.C. § 2201 and § 2202; General Business Law §349 (hereinafter "GBL §349) against Seterus which prohibits deceptive acts or practices in the conduct of any business and violation of 23 NYCRR Part 418 & 419 against Seterus for violating the Real Estate Collection Practices Act prohibition against dual tracking.

### II.     JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692(k) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202.  Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here where the Plaintiff resides and the acts complained of were intentional acts which directed the harm at this forum and resulted in the brunt of the harm occurring in this jurisdiction.

3. This court has supplemental jurisdiction to hear all state law claims pursuant to §1367 of Title 28 of the U.S.C and such have jurisdiction to rule on violation of GBL §349 and 23 NYCRR Part 418 and 419.

### III.     PARTIES

4. Plaintiff, **Joseph Mannone**, (hereinafter referred to as "**Plaintiff**") is a natural person residing in Nassau County, New York; a "consumer" as that term is defined by 15 U.S.C. §1692a(3); and a person affected by a violation of the

FDCPA and other claims with standing to bring this claim primarily under 15 U.S.C. §§1692.

5.  Defendant Seterus is a Delaware Corporation engaged in the business of collecting debt in New York State with its principal place of business at 3039 Cornwallis Road, building 203, Suite AA145, Research Triangle Park, North Carolina 27709 whose designated agent for service of process within the state of New York is CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

6.  The Defendant is a mortgage servicer who became the servicer of Plaintiff's mortgage loan after it was in default and debt collection activities comprise a legally significant portion of their practice in this county and state and Defendant regularly attempts to collect debts alleged to be due another.  Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a (6).

7.  Defendant Seterus is engaged in the collection of debts from consumers using the mail and the telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6).


## IV.    FACTUAL ALLEGATIONS

8.  Plaintiff allegedly owes a debt derived from a loan given to Plaintiff by First Federal Savings Bank.

9.  Said debt was purportedly purchased by Federal National Mortgage Association (hereinafter "Fannie Mae") after the loan had defaulted.

10. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant, Seterus, to service Plaintiff's loan for collections against and from the Plaintiff.

11. In early July 2017, Seterus offered and Plaintiff accepted a loan modification offer.

12. Plaintiff's first trial payment was due on August 1, 2017 and Plaintiff successfully paid his first trial payment.

13. Plaintiff was due to pay three trial payments on August 1st, September 1st and October 1st, at which time, provided the trial payments were all properly and timely made, Plaintiff would be offered a permanent loan modification was a clear violation of FDCPA 15 U.S.C. 1692e (2) (5) and (10), GBL §349 and the 23 NYCRR Part 418 and 419.

14. On September 15, 2017, despite Plaintiff having successfully made two timely trial payments towards the trial payment plan, Seterus caused its counsel to file a motion for summary judgment with the Supreme Court, Nassau County which is prohibited by State and Federal Law and known as "Dual Tracking".  See Plaintiff's **Exhibit "A"**.

15. In order to prevent the Court from making an erroneous decision in favor of the Defendant granting summary judgment leading to a judgment of foreclosure and sale, Plaintiff was forced to pay counsel to file an affirmation in opposition to prevent the Court from granting an order which would lead to an illegal and improper judgment of foreclosure and sale.  See Plaintiff's **Exhibit "B"**.

16. Additionally, pursuant to, GBL §349 and 23 NYCRR Parts 418 and 419, Defendant Seterus is also liable for actual damages, punitive damages, and reasonable attorney fees.

17. Plaintiff has suffered actual damages in attorney fees in the amount of $3,500.00 to defend himself against and a direct and proximate result of the debt collector's deceptive practices and illegal continuation of a law suit commenced against him, as well as suffering non-pecuniary damages, such as fear, embarrassment, harassment and stress due to defendants prohibited and deceptive acts.

## FIRST CLAIM FOR RELEIF
## V.     FAIR DEBT PRACTICES ACT (FDCPA) VIOLATIONS AGAINST DEFENDANT

18. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs as though fully stated herein.

19. Defendants violated numerous provisions of the FDCPA.  Defendant's willful violations include but are not limited to the following:

"§1692 e: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**(2)**   The false representation of—
   **(A)**   the character, amount, or legal status of any debt; or

   **(B)**   any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

**(5)**    The threat to take any action that cannot legally be taken or that is not intended to be taken.

**(10)**    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(a) §1692(e)(2)(A):  Defendant Seterus violated this section of the FDCPA by willfully engaging in dual tracking which falsely misrepresented the legal status of his debt.

(b) §1692(e)(5): By engaging in dual tracking, Defendant threatened Plaintiff with the possibility that defendant would obtain summary judgment, when Defendant had no legal right to move toward a foreclosure sale when Plaintiff was and is successfully engaged in a trial payment plan.

(c) §1692 e (10):  Defendant deceptively sought to collect a debt from Plaintiff when it had no right to do so pursuant to federal and state law causing plaintiff to have to expend money to defend a motion which Defendant willfully directed its counsel to file without having any legal right to file it.

20. As a result of each of Seterus' violations of the FDCPA, Defendant is liable to the Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA; actual damages pursuant to 15 U.S.C. §1692 k(a)(1); statutory damages in an amount up to $1,000.00 from Defendant Seterus pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorney fees and costs from Defendant Seterus pursuant to 15 U.S.C. §1692k(a)(3).

### SECOND CLAIM FOR RELIEF
### VI.    GENERAL BUSINESS LAW §349 AS AND AGAINST DEFENDANT

21.  Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs as though fully stated herein.

22. The Plaintiff is a "consumer" as that term is defined in the General Business Law § 349 of New York.

23. The Plaintiff's relationship with the Defendant arose out of a "consumer debt" as that term in the General Business Law (hereinafter "GBL") § 349 of New York.

24.  The Defendant Seterus is a "debt collector" as that term is defined by applicable provisions of GBL§ 349.

25. Under GBL §349 the Defendants were and are prohibited from engaging in any deceptive behavior and/or to commit such deceptive acts for pecuniary gain. All of the FDCPA violations are re-alleged and incorporated herein by reference and taken together constitute the conduct prohibited by this section.

26. The improper and deceptive filing of a motion for summary judgment in Supreme Court, Nassau County when it had no legal right to do so is both deceptive and is consumer oriented as many consumers are effected by Seterus' lack of internal controls to prevent such filings to occur.

27. Plaintiff has suffered both pecuniary and non-pecuniary actual damages in the form of attorney fees in defending a frivolous Supreme Court action in Supreme Court Nassau County bearing index number 9023/2016 to collect on a debt which it was legally prohibited from collecting.  Plaintiff was forced to pay legal fees of $3,500.00 to litigate the frivolous law suit.  Plaintiff has also suffered non-pecuniary actual damages in the form of stress, embarrassment, fear, anxiety and harassment.

28. As a result, the Defendants are liable under GBL § 349 violations and penalties.

## THIRD CLAIM FOR RELIEF
## NYCRR ARTICLE 3 Parts 418 and 419 AS AND AGAINST DEFENDANT

29. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs as though fully stated herein.

30. The Plaintiff is a "consumer" as that term is defined in the 23 NYCRR §1.1.

31. The Plaintiff's relationship with the Defendants arose out of a "debt" as that term is defined in 23 NYCRR §1.1 (d) of New York.

32.  The Defendant, Seterus, was and is a "debt collector" as that term is defined by applicable provisions of the 23 NYCRR §1.1 (e).

33. Pursuant to 3 NYCRR Parts 418 and 419 the Defendant was and is prohibited from violating consumer statutes such as RESPA, which defendant clearly violated when it engaged in dual tracking as set forth hereinabove.

34. As a direct and proximate cause of Defendants conduct, Plaintiff suffered both pecuniary harm in the form of unnecessary payment of legal fees and non-pecuniary harm.

## **TRIAL BY JURY**

43.     Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.


**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against the Defendant for the following:

    A.   Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.   Actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant;

    C.   Statutory damages of $1,000 pursuant to 15 U.S.C § 1692k(a)(1);

    D.   Actual and punitive damages pursuant to GBL §349.

    E.   Actual and punitive damages pursuant to 23 NYCRR 418 *et seq*.

    F.   Reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant; and

    G.   For such other and further relief as the Court may deem just and proper.

Dated this 7th day of October, 2017.

Respectfully submitted,

/s/ Darren Aronow
Darren Aronow, Esq.
Attorney for Plaintiff
Aronow Law, PC
20 Crossways Park Drive, North,
Suite 210
Woodbury, NY 11797
516-762-6700 phone
516-303-0066 fax